IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MATTHEW W. JOHNSON,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:25-CV-2590-L-BW** |
| § | |
| **PENTAGON and DOD CHAZR JCS,** § | |
| § | |
| Defendants. § | |

## ORDER

On October 17, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 4) ("Report") was entered, recommending that the court dismiss with prejudice this action pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff's request for a settlement and his supporting allegations that the Pentagon "violated conventions and pacts with treaties" and the Joint Chiefs of Staff or JCS Chair "failed to provide access to courts—due process of law" are frivolous. The Report also recommends that Plaintiff not be allowed to amend his pleadings, as he has "failed to state or suggest a cognizable civil rights claim or any facts from which a cognizable civil rights claim can be inferred," and, even under the "most deferential review of his complaint, it is highly unlikely that, given the opportunity, [he] could allege cogent and viable legal claims." Doc. 4 at 5. Plaintiff filed objections to the Report (Doc. 10), which were docketed on November 18, 2025. His objections, which are difficult to decipher, are similarly frivolous.

Having considered the pleadings, file, Report, and record in this case, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiff's objections and **dismisses with**

**Order – Page 1**

**prejudice** as frivolous this action pursuant to 28 U.S.C. § 1915(e)(2)(B). Further, the court agrees that Plaintiff should not be given the opportunity to amend his pleadings. Although Plaintiff is pro se and has not previously amended, he has not sought to amend his pleadings or explained in response to the Report how he would cure the pleading deficiencies identified by the magistrate judge. The court, therefore, determines that he has pleaded his "best case" such that amendment would be futile and unnecessarily delay the resolution of this litigation.

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates by reference** the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court **concludes** that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 24th day of November, 2025.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge